The Chief Justice delivered the opinion of the court.
Upon the trial in the court for the trial of small causes, a verdict and judgment were rendered for the defendant. The plaintiff appealed, and filed an affidavit that the appeal “ is not for the purpose'of delay, but that he has a just and legal cause of action to the best of his knowledge and belief.” In the Court of Common Pleas, the appellee moved to dis■miss the appeal, because the affidavit is not conformable to the statute. The motion was overruled, and the appeal sustained.
*340] *The legislature have, in very plain and explicit terms, prescribed the contents of the affidavit. “ Ho appeal shall be granted unless the party demanding the appeal, shall, at the time of filing the appeal bond with the justice, *403 .also file with him an affidavit made by the said party, stating that the said appeal is not intended for the purpose of delay, and that he verily believes that lie hath a just and legal dofence to make upon the merits of the case.”
Such affidavit the legislature have thought proper to make the condition on which an appeal shall be allowed. It is not sufficient to say the present affidavit is a substantial compliance. If in the understanding of the appellant, it bears the same meaning, there is no excuse for the departure from the language of the statute. If it has a different meaning, the condition prescribed has not been fulfilled, and the party is not entitled to the appeal. In the earliest case which came before this court, Anonymous, 1 Halst. 230, a strict construction was given to the provisions of the statute ; and in respect to the contents of the affidavit, such construction, while it is most consonant to the spirit and policy of the statute, is best adapted to public convenience. A strict compliance is easily effected, and prevents the endless disputes which would otherwise result from enquiry into the sufficiency of the substitute.
Upon the argument, the counsel of the defendant in certiorari, referred to the case of Dan v. Geiger, and remarked that the court had there sanctioned a substantial instead of .a strict compliance with the statute in respect to the acknowledgment of deeds. The cases are, however, widely different. In the acknowledgment of a deed, the grantor is acting only on his own property, and affecting only his own rights. A liberal construction cpf the statute, to sustain the deed, ut rnagis valeat quam pereat, especially when such construction was supported by long usage, was there very properly admitted. But the appeal is to act on the rights of another; to expose him to trouble and expense; and to afford the appellant a benefit. Hence a different rule of construction, requiring a strict compliance with the restriction which the wisdom of the legislature has imposed upon him, is rightfully adopted.
*404 The Court of Common Pleas, in my opinion, erred in *341] overruling *the motion to dismiss the appeal; and the judgment should be reversed, and the cause remitted to-that court to proceed thereon according to law.